IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FLEUR S. BRESLER, et al.** | * | |
| | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil Nos. **PJM 09-2957** |
| | * | **PJM 12-3295** |
| **WILMINGTON TRUST COMPANY, et al.** | * | |
| | * | |
| | * | |
| Defendants | * | |

## ORDER

Upon consideration of the Motions *in Limine* and the oppositions filed thereto, oral argument having been held thereon, it is, for the reasons stated on the record, this 23rd day of December, 2013,

**ORDERED**

1. All of the following rulings are subject to reconsideration at and during trial to the extent that justice may require;

2. Plaintiffs' Pretrial Motion (Paper No. 490) is **GRANTED-IN-PART**, **DENIED-IN-PART**, and **MOOT-IN-PART**:

    a. First Motion to preclude Wilmington from challenging the authenticity of any documents it produced in discovery is **MOOT**. The parties have agreed to stipulate to the authenticity of relevant documents produced by Wilmington to the extent that they are introduced in their complete form if such documents were produced in such form during discovery, and they are not introduced as compound exhibits;

1

    b. Second Motion to preclude Wilmington from challenging the evidentiary foundation of any documents it produced in discovery is **DENIED**;

    c. Third Motion that Wilmington must produce original documents is **DENIED**;

    d. Fourth Motion to preclude Wilmington from adducing evidence with respect to or arguing that the Bresler family benefited by the reduction in Charles Bresler's estate taxes in the year that he died is **GRANTED**;

    e. Fifth Motion to withhold the names of jurors and preclude the parties from investigating jurors during voir dire and prior to the presentation of any verdict is **GRANTED-IN-PART** and **DENIED-IN-PART**. It is **GRANTED** insofar as all the usual rules of no contact with jurors apply and in addition the parties may not contact the jurors through social media of any kind. The Motion is **DENIED** insofar as the parties may view publicly available information with respect to the jurors. The Court will give an instruction to the jurors before and during trial instructing them not to use social media during the trial;

3. Defendant Ralph C. Wileczek's Motion *in Limine* to Exclude Irrelevant Evidence and Supporting Memorandum of Points and Authorities (Paper No. 489) is **GRANTED**;

4. *Motion in Limine* of Defendants Wilmington Trust Company and Wilmington Brokerage Services Company to Exclude the Testimony of Witnesses Lacking Personal Knowledge (Paper No. 491) (Sealed) is **DENIED-IN PART**, **GRANTED-IN-PART**, and **MOOT-IN-PART**:

    a. The Motion to preclude live testimony of Michael DiGregorio is **GRANTED**. The Motion to preclude deposition testimony of Michael DiGregorio is **DENIED**. Plaintiffs will, however, narrow their designations of said testimony and advise Defendants of same before trial;

    b. The Motion to preclude testimony of Neil Derman is **GRANTED**;

    c. The remainder of the Motion is **MOOT**. Plaintiffs have agreed not to call Scott Simonton or Benjamin Ledyard;

5. *Motion in Limine* of Defendants Wilmington Trust Company and Wilmington Brokerage Services Company to Exclude All Evidence Relating to Case Captioned, *Edmond Ianni v. Peter Atwater, et al.* (Paper No. 493) (Sealed) is **GRANTED-IN-PART** and **DENIED-IN-PART**:

    a. The Motion is **DENIED** insofar as Plaintiffs may present evidence from the *Ianni* case directly related to the Bresler transaction. Specifically:

        i. Plaintiffs may offer into evidence Paragraphs 61 and 62 of the Counter-Claim in said proceeding, subject to certain agreed upon redactions;

        ii. Plaintiffs may offer into evidence the first paragraph (beginning "With respect to . . . ") and last paragraph (beginning "The Charles Bresler matter . . .") of the Answer to Interrogatory 3. Plaintiffs shall not include the paragraphs about the Kearney or Bours claims;

        iii. Plaintiffs or Defendants may offer into evidence Paragraph 65 of the Counter-Claim;

       iv. Deposition designations related to the *Ianni* ligation may be used but must pertain to sub-paragraphs 5(a)(i)-(iii), *supra*;

  b. In all other respects, the Motion is **GRANTED**;

6. *Motion in Limine* of Defendants Wilmington Trust Company and Wilmington Brokerage Services Company to Exclude Evidence Pertaining to Other Customers (Paper No. 495) (Sealed) is **DENIED** only to the extent that Plaintiffs may offer evidence pertaining to other customers of Wilmington, *contingent* on proving first that, at or about the time of the Bresler transaction, there was in place at Wilmington an established procedure or policy with regard to a form or format for communicating to prospective premium finance clients or their agents pertaining to the necessity vel non of posting collateral and/or for overfunding of insurance, and/or for multi-year financing, to the extent that Plaintiffs establish that premium finance customers were offered loans by Wilmington without any collateral obligations, and then only evidence as to those matters pertaining to other customers will be allowed. This ruling does not address Wilmington documents of the same nature referring to Bresler, nor does it address internal Wilmington documents which discuss generally relevant elements of the Wilmington premium financing program itself, without reference to specific clients or prospective clients. In all other respects, the Motion is **GRANTED.**

7. *Motion in Limine* of Defendants Wilmington Trust Company and Wilmington Brokerage Services Company to Exclude All Parol Evidence at Trial (Paper No. 497) is **DENIED**, so long as such parol evidence relates to matters raised prior to the execution of the basic written "contracts" which are not inconsistent with

those "basic contracts." However, parol evidence relating to any purported oral or written modifications subsequent to the execution of the "basic contracts," whether or not inconsistent with the "basic contracts," will be admissible;

8. *Motion in Limine* of Defendants Wilmington Trust Company and Wilmington Brokerage Services Company to Admit Handwritten Notes of S. Laurence Shaiman Esq. in Evidence at Trial (Paper No. 498) is **MOOT**. The parties have agreed to the extent to which such notes will be admitted;

9. *Motion in Limine* of Defendants Wilmington Trust Company and Wilmington Brokerage Services Company to Exclude Non-Designated Experts (Paper No. 499), specifically witnesses Ruth Pivar, T. Mark Pace, and Kevin Stephens is **MOOT.** The parties have agreed to confer and will stipulate to any testimony from said witnesses that may be appropriate;

10. *Motion in Limine* of Defendants Wilmington Trust Company and Wilmington Brokerage Services Company to Exclude Evidence Relating to Incentive Compensation (Paper No. 500) is **GRANTED-IN-PART** and **DENIED-IN-PART**:

    a. The Motion is **DENIED** in that Plaintiffs may present evidence to prove that incentive compensation in the form of commissions was paid by the insurance companies to Wilmington or its employees in connection with policies issued on Charles Bresler's life and the amount of same;

    b. In all other respects, the Motion is **GRANTED**;

11. *Daubert* Motion of Defendants Wilmington Trust Company and Wilmington Brokerage Services Company to Exclude the Expert Opinions of All Plaintiffs' Proffered Experts (Paper No. 501) is **DENIED**;

   a. Both sides may call experts but only on the topics of insurance premium financing, the structure of insurance policies in general, and damages.  Said experts may not give opinions as to the duty or the propriety of any specific action taken by anyone in this particular case;

   b. Plaintiffs have represented that they will call two experts: i) Randolph Whitelaw or Jeremy Green on premium financing and the structure of insurance policies in general; and ii) Robert Pugh on damages;

   c. Defendants have represented that they will call three experts: i) Larry Brody on premium financing; ii) Scott Gibson on the structure of insurance policies in general; and iii) Kevin Stephens on damages;

   d. Both sides may conduct limited collateral voir dire of each expert's qualifications and basis prior to the expert(s)' stating to the jury his opinion;

   e. The Court reserves its right to strike the opinion of any expert on the basis of his responses to the collateral voir dire.

12. Motion and Memorandum of Wilmington Trust Company and Wilmington Brokerage Services Company for Leave to Supplement Pretrial Order Exhibit List (Paper No. 546) is **GRANTED**;

13. Motion and Memorandum of Wilmington Trust Company and Wilmington Brokerage Services Company to Quash Subpoena of Neil Derman, Esq. to Testify at Upcoming Trial (Paper No. 529) is **GRANTED**;

6

14. Motion and Memorandum of Wilmington Trust Company and Wilmington Brokerage Services Company to Quash Subpoena of Scott Simonton to Testify at Upcoming Trial (Paper No. 530) is **DENIED AS MOOT**.  However, Plaintiffs have represented that, as of now, they do not intend to call Simonton;

15. Motion and Memorandum of Wilmington Trust Company and Wilmington Brokerage Services Company to Quash Subpoena of Sheldon Sandler, Esq. to Testify at Upcoming Trial (Paper No. 531) is **DENIED AS MOOT**.  The parties have represented that they intend, as of now, to call Sandler.

16. As to all witnesses, including the foregoing, the Court intends to confine their testimony to matters strictly pertaining to this contract action and not to permit wide-ranging forays into other aspects of the underlying transaction.

                                    /s/
                            **PETER J. MESSITTE**
                    **UNITED STATES DISTRICT JUDGE**